**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**MARK J. BENNISON and MARIA BENNISON,**
**CHRISTOPHER LANCASTER, STACEY A. MAIHOT**
**and RAYMOND J. MAIHOT, BARRY J. LAFLEUR,**
**ANTONIO D. OLIVEIRA and**
**IDALIA MARTINEZ (a.k.a. Idalia Montalvo)**
**Plaintiffs,** :
: **C.A.**
:
**VS.** :
: CA 07 100 S
**AMERIQUEST MORTGAGE** :
**COMPANY** :
**Defendant** :

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

**PARTIES AND FACTS**
**MARK AND MARIA BENNISON**

4. Plaintiffs Mark and Maria Bennison reside at 5771 Flat River Rd., Greene, RI 02827.

5. On or about February 8, 2006 Plaintiffs Bennison obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiffs Bennison received or signed the following documents:

1. A note in the principal amount of $337,590;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 1;
5. A One Week Cancellation Period form; attached as Exhibit 2; and
6. A HUD-1 Settlement Statement.

7. On or about August 8, 2006 Plaintiffs Bennison exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

8. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiffs received accurate disclosures under the TILA.

**CHRISTOPHER LANCASTER**

9. Plaintiff Christopher Lancaster resides at 198 Pine Road, Richmond, RI 02812.

10. On or about May 13, 2005 Plaintiff Christopher Lancaster and his mother, Carolyn D'Ortona obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household

purposes.

11. In connection with the transaction, Plaintiff Lancaster received or signed the following documents:

1. A note in the principal amount of $60,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 4;
5. A One Week Cancellation Period form; attached as Exhibit 5; and
6. A HUD-1 Settlement Statement.

12. On or about December 28, 2006 Plaintiff Lancaster exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 6.

13. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff Lancaster received accurate disclosures under the TILA.

**STACEY A. MAIHOT and RAYMOND J. MAIHOT**

14. Plaintiffs Stacey A. Maihot and, her father in law, Raymond J. Maihot reside at 18 Griffith Drive, Riverside, RI 02915.

15. On or about March 6, 2004 Plaintiffs Maihot obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

16. In connection with the transaction, Plaintiffs Maihot received or signed the following documents:

1. A note in the principal amount of $166,000;
2. A mortgage;

3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 7;
5. A One Week Cancellation Period form; attached as Exhibit 8; and
6. A HUD-1 Settlement Statement.

17. On or about July 5, 2006 Plaintiffs Maihot exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 9.

18. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiffs received accurate disclosures under the TILA.

**BARRY J. LAFLEUR**

19. Plaintiff Barry J. Lafleur resides at 33 Leaf Street, West Warwick, RI 02893.

20. On or about September 9, 2004 Plaintiff Lafleur obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

21. In connection with the transaction, Plaintiff Lafleur received or signed the following documents:

1. A note in the principal amount of $165,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 10;
5. A One Week Cancellation Period form; attached as Exhibit 11; and
6. A HUD-1 Settlement Statement.

22. On or about March 9, 2007 Plaintiff Lafleur exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the

notice is attached as Exhibit 12.

**ANTONIO D. OLIVEIRA**

23. Plaintiff Antonio D. Oliveira resides at 38 Holy Oke Ave., Warwick, RI 02889.

24. On or about June 23, 2004 Plaintiff Oliveira obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

25. In connection with the transaction, Plaintiff Oliveira received or signed the following documents:

1. A note in the principal amount of $135,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 13;
5. A One Week Cancellation Period form; attached as Exhibit 14; and
6. A HUD-1 Settlement Statement.

26. Later on May 11, 2005, Plaintiff Oliveira obtained another mortgage loan from Ameriquest secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

27. In connection with the second transaction, Plaintiff Oliveira received or signed the following documents:

1. A note in the principal amount of $180,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 15;
5. A One Week Cancellation Period form; attached as Exhibit 16; and
6. A HUD-1 Settlement Statement.

28. On or about August 11, 2006 Plaintiff Oliveira exercised his extended right to rescind both mortgage loans for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 17.

29. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**IDALIA MARTINEZ (A.K.A. Idalia Montalvo)**

30. Plaintiff Idalia Martinez resides at 275-277 Grove Street, Providence, RI 02909.

31. On or about April 21, 2003 Plaintiff Martinez obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

32. In connection with the transaction, Plaintiff Martinez received or signed the following documents:

1. A note in the principal amount of $140,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 18;
5. A One Week Cancellation Period form; attached as Exhibit 19; and
6. A HUD-1 Settlement Statement.

33. On or about January 5, 2007 Plaintiff Martinez exercised her extended right to rescind her mortgage loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 20.

34. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor

the request alleging that Plaintiff received accurate disclosures under the TILA.

**DEFENDANT**

35. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

36. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

37. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

38. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**COUNT I - TRUTH IN LENDING ACT**

39. Plaintiffs incorporate ¶¶ 1-38 as if fully set out herein.

40. Because the refinance transaction referenced herein was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23. More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

41. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in

Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights. More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
> **(ii) The consumer's right to rescind the transaction.**
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**
> **(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

**DEFECTIVE NATURE OF DISCLOSURES**

42. In connection with the above referenced mortgage transaction loans, Ameriquest Mortgage Company failed to provide accurate disclosures of the Plaintiffs' right to cancel, in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23 for (without limitation) the following reasons:

**<u>Incomplete Notices</u>**

43. The Defendant Ameriquest Mortgage failed to deliver to each of the Plaintiffs two properly completed copies of a notice that **"clearly and conspicuously disclose the borrower's rescission rights"** in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23.

44. The copies of the notice of right to cancel actually delivered to each of the Plaintiffs

referenced herein were materially defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

45. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give each of the Plaintiffs **"clear and conspicuous"** notice of their right to cancel, in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. § 226.23.

46. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loan under the TILA.

**"One Week" Cancellation Form**

47. The One Week Cancellation Period form provided to the Plaintiffs by the Defendant Ameriquest (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.

48. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time.

49. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

50. The provision of two inconsistent and confusing notices to cancel violates the **"clear and conspicuous"** disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

**Notices Confusing Where Less Than All Owners Are Obligated**

51. The Notices of Right To Cancel generated by the Defendant in connection with the Plaintiffs' Maihot and Plaintiff's Lancanster mortgage loan (See Exhibit 4 & 7) are inherently confusing with respect to ***who has a right to cancel*** in a case in which less than all of the persons signing the mortgage sign the note. The confusing portions were added by Ameriquest to the official Federal Reserve Board text.

52. The top of the Notices of Right To Cancel does not has the name of the Plaintiff on it, and is addressed to "borrower(s)." The text is addressed to "You," which is reasonably interpreted as applying to the individual whose name appears directly above. The bottom of the form states that "Each borrower" has the right to cancel, which is reasonably interpreted as meaning the persons named as "borrower(s)" at the top of the document. While there are signature lines for the Plaintiff at the bottom of the form, they are there described as "Borrower/ Owner," which presumably means something different than just "borrower."

53. The statute gives not only each person obligated to repay the loan but each person who resides in and has an ownership interest in the property the right to cancel, and requires a notice to be delivered that unequivocally tells each such person that they have the right to cancel.

54. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

55. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**WHEREFORE**, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre, Bar # 4019
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**JURY DEMAND**

Plaintiffs demand trial by jury

Christopher M. Lefebvre