# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

MARK J. BENNISON and MARIA BENNISON, CHRISTOPHER LANCASTER, STACEY A. MAIHOT and RAYMOND J. MAIHOT, BARRY J. LAFLEUR, ANTONIO D. OLIVEIRA and IDALIA MARTINEZ (a.k.a. Idalia Montalvo),

Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY,

Defendant.

C.A. NO. 07-100-S

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant Ameriquest Mortgage Company ("Ameriquest") by its undersigned attorneys hereby answer the Complaint brought by Mark J. Bennison and others.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## INTRODUCTION

1. Paragraph 1 of the Complaint contains Plaintiffs' characterization of this action to which no responsive pleading is required.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the venue is proper in this district.

**PARTIES AND FACTS**

**Facts Relating To Plaintiffs Mark J. and Maria Bennison**

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Ameriquest admits that on or about February 8, 2006, Plaintiffs Mark J. Bennison and Maria Bennison became the obligors and mortgagors under a certain note and mortgage on property located at 5771 Flat River Road, Greene, Rhode Island 02827. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Ameriquest admits that Plaintiffs Bennison received or signed certain documents, including but not limited to, a Note in the principal amount of $337,590.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 3 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiffs Bennison have an extended right to rescission and denies that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 7 of the Complaint.

8. Ameriquest admits the allegations of paragraph 8 of the Complaint.

**Facts Relating To Plaintiff Christopher Lancaster**

9. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Ameriquest admits that on or about May 13, 2005, Plaintiff Christopher Lancaster and his mother, Carolyn D'Ortona became the obligors and mortgagors under a certain note and mortgage on property located at 198 Pine Road, Richmond, Rhode Island 02812. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. Ameriquest admits that Plaintiff Lancaster received or signed certain documents, including but not limited to, a Note in the principal amount of $60,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint.

12. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 6 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff Lancaster has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 12 of the Complaint.

13. Ameriquest admits the allegations of paragraph 13 of the Complaint.

**Facts Relating To Plaintiffs Stacey A. Maihot and Raymond J. Maihot**

14. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Ameriquest admits that on or about March 6, 2004, Plaintiffs Stacey A. Maihot and Raymond J. Maihot became the obligors and mortgagors under a certain note and mortgage on property located at 18 Griffith Drive, Riverside, Rhode Island 02915. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Complaint.

16. Ameriquest admits that Plaintiffs Maihot received or signed certain documents, including but not limited to, a Note in the principal amount of $166,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 16 of the Complaint.

17. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 9 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiffs Maihot have an extended right to rescission and denies that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 17 of the Complaint.

18. Ameriquest admits the allegations of paragraph 18 of the Complaint.

**Facts Relating To Plaintiff Barry J. Lafleur**

19. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Ameriquest admits that on or about September 9, 2004, Plaintiff Barry J. Lafleur became an obligor and mortgagor under a certain note and mortgage on property located at 33 Leaf Street, West Warwick, Rhode Island 02893. Ameriquest is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint.

21. Ameriquest admits that Plaintiff Lafleur received or signed certain documents, including but not limited to, a Note in the principal amount of $165,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 21 of the Complaint.

22. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 12 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff Lafleur has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 22 of the Complaint.

**Facts Relating To Plaintiff Antonio D. Oliveira**

23. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Ameriquest admits that on or about June 23, 2004, Plaintiff Antonio D. Oliveira became the obligor and mortgagor under a certain note and mortgage on property located at 38 Holey Oke Avenue, Warwick, Rhode Island 02889. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 24 of the Complaint.

25. Ameriquest admits that Plaintiff Oliveira received or signed certain documents, including but not limited to, a Note in the principal amount of $135,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week

Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint.

26. Ameriquest admits the allegations of paragraph 26 of the Complaint.

27. Ameriquest admits that Plaintiff Oliveira, in connection with the second transaction, received or signed certain documents, including but not limited to an Adjustable Rate Note in the principal amount of $180,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint.

28. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 17 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff Oliveira has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 28 of the Complaint.

29. Ameriquest admits the allegations of paragraph 29 of the Complaint.

**<u>Facts Relating To Plaintiff Idalia Martinez (a.k.a. Idalia Montalvo)</u>**

30. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Ameriquest admits that on or about April 21, 2003, Plaintiff Idalia Martinez became the obligor and mortgagor under a certain note and mortgage on property located at 275-277 Grove Street, Providence, Rhode Island 02909. Ameriquest is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of the Complaint.

32. Ameriquest admits that Plaintiff Martinez received or signed certain documents, including but not limited to, a Note in the principal amount of $140,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 32 of the Complaint.

33. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 20 to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that Plaintiff Martinez has an extended right to rescission and denies that her purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 33 of the Complaint.

34. Ameriquest admits the allegations of paragraph 34 of the Complaint.

**DEFENDANT**

35. Ameriquest states that it is a Delaware corporation with a principal place of business at 1100 Town & Country Road, Orange, California, 92868. Ameriquest denies the remaining allegations set forth in paragraph 35 of the Complaint.

36. Ameriquest admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

37. Paragraph 37 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest admits that it is a creditor within the meaning of the Truth-In-Lending Act (“TILA”).

38. Ameriquest denies the allegations set forth in paragraph 38 of the Complaint.

**COUNT I – TRUTH-IN-LENDING ACT**

39. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1-38 above.

40. Paragraph 40 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the statutes referenced in paragraph 40 speak for themselves as to their content.

41. Paragraph 41 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the regulations referenced in paragraph 41 speak for themselves as to their content.

42-51. Ameriquest denies each and every allegation set forth in paragraphs 42 through 51, inclusive, of the Complaint.

52. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53. Paragraph 53 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the statute referenced in paragraph 53 speaks for itself as to its content.

54. Paragraph 54 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the statute referenced in paragraph 54 speak for itself as to its content.

55. Paragraph 55 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response may be required, Ameriquest states that the statute referenced in paragraph 55 speaks for itself as to its content.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint,.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of frauds and/or the parol evidence role.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages were the result of acts or omissions on the part of the Plaintiffs or third parties, the actions of which Ameriquest is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiffs under the federal Truth-In-Lending Act, 15 U.S.C. § 1635 et seq. are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations or interpretations of the Federal Reserve Board.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiffs under the federal Truth-In-Lending Act., 15 U.S.C. § 635, et seq. are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance or procedures to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

Ameriquest is not liable for any claims by Plaintiffs because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**TENTH AFFIRMATIVE DEFENSE**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

**ELEVENTH AFFIRMATIVE DEFENSE**

Any claims of Plaintiffs Christopher Lancaster and Barry J. Lafleur must be dismissed for failure to join indispensable parties – namely Carolyn D'Ortona and Shelly M. Lafleur.

WHEREFORE, Defendant Ameriquest Mortgage Company respectfully requests that the Court:

A. Enter judgment in its favor on all counts of the Complaint;

B. Dismiss the Complaint with prejudice;

C. Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action.

D. Grant such other relief as to the Court seems meet and just.

**COUNTERCLAIM**

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the Defendant/Counterclaimant, Ameriquest Mortgage Company ("Ameriquest") hereby brings this Counterclaim against each and every Plaintiff, and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Rhode Island.

2. Upon information and belief, Plaintiffs Mark J. and Maria Bennison reside in Greene, Rhode Island and, on or about February 8, 2006, they obtained a residential mortgage loan from Ameriquest in connection with property located at 5771 Flat River Road, Greene, Rhode Island. On or about August 8, 2006, Plaintiffs Bennison sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

3. Upon information and belief, Plaintiff Christopher Lancaster resides in Richmond, Rhode Island and, on or about May 13, 2005, he and his mother obtained a residential mortgage loan from Ameriquest in connection with property located at 198 Pine Road, Richmond, Rhode Island. On or about December 28, 2006, Plaintiff Lancaster sent Ameriquest a letter purporting his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

4. Upon information and belief, Plaintiffs Stacey A. and Raymond J. Maihot reside in Riverside, Rhode Island and, on or about March 6, 2004, they obtained a residential mortgage loan from Ameriquest in connection with property located at 18 Griffith Drive, Riverside, Rhode Island. On or about July 5, 2006, Plaintiffs Maihot sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

5. Upon information and belief, Plaintiff Barry J. Lafleur resides in West Warwick, Rhode Island and, on or about September 9, 2004, he obtained a residential mortgage loan from Ameriquest in connection with property located at 33 Leaf Street, West Warwick, Rhode Island. On or about July 5, 2006, Plaintiff Lafleur sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

6. Upon information and belief, Plaintiff Antonio D. Oliveira resides in Warwick, Rhode Island and, on or about June 23, 2004 and May 11, 2005, he obtained residential mortgage loans from Ameriquest in connection with residential property located at 38 Holy Oke Avenue, Warwick, Rhode Island. On or about August 11, 2006, Plaintiff Oliveira sent Ameriquest a letter purporting to rescind his mortgage loan transactions pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

7. Upon information and belief, Plaintiff Idalia Martinez resides in Providence, Rhode Island and, on or about April 21, 2003, she obtained a residential mortgage loan from Ameriquest in connection with property located at 275-277 Grove Street, Providence, Rhode Island. On or about January 5, 2007, Plaintiff Martinez sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

8. All Plaintiffs have filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which Plaintiffs' rescission periods expired in connection with the subject loans.

9. Ameriquest has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs are not entitled to rescind their loans under 15 U.S.C. § 1635, Regulation Z § 226.23.

**COUNT I – DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

10. Ameriquest repeats and realleges the allegations set forth in paragraphs 1-9 above.

11. By virtue of Plaintiffs' claims of extended rescission, an actual controversy has arisen and exists between Ameriquest and each and every Plaintiff regarding whether they have the right to rescind the subject loans under 15 U.S.C. § 1635, Regulation Z, § 226.23.

12. Plaintiffs allege that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which Plaintiffs' rights to rescind expired on the Notice of Right to Cancel, which allegations Ameriquest denies.

13. Ameriquest has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs have no basis for rescission of the loans.

14. Ameriquest hereby seeks a declaration of the rights, duties and liabilities of the parties with respect to the Plaintiffs' letters of rescission, including, without limitation, a declaration that Plaintiffs are not entitled to rescind the subject loans.

## RELIEF REQUESTED

WHEREFORE, Defendant/Counterclaimant Ameriquest Mortgage Company respectfully requests that the Court:

A. Enter a declaration that Plaintiffs are not entitled to rescind their mortgage loans with Ameriquest and that, alternatively, any such rescissions should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

AMERIQUEST MORTGAGE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (BBO #554167)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com

DATED: April 18, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of April, 2007, I electronically filed the foregoing ANSWER TO COMPLAINT AND COUNTERCLAIM with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Christopher M. Lefebvre, Esq.
Claude Lefebvre, Esq.

/s/ Steven E. Snow

913159_1/7511-67